UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DELOREAN L. BRYSON,

        Plaintiff,

    v.                                            Case No. 19-C-171

JEAN LUTSEY,
SUSAN PETERS,
DR. HAIGHT,
RN BLAIR,
DR. JANE DOE, and
NURSE JANE DOE #1–2

        Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is currently serving a state prison sentence at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid

an initial partial filing fee of $2.98. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

On an unspecified date, the plaintiff slipped and fell in the shower while housed in GBCI's Restricted Housing Unit. The fall allegedly resulted in injuries to the plaintiff's shoulder as well

as other parts of his body. In November of 2016, the plaintiff claims he reported his injuries to GBCI staff and filed health slips explaining the extent of his injuries. The plaintiff also claims that he asked Nurse Peters to schedule an MRI to assess his shoulder injury. In response, Nurse Peters scheduled the plaintiff to see an unidentified doctor who then prescribed physical therapy with Dr. Haight to treat his injury. The plaintiff allegedly saw Dr. Haight for around three months.

The plaintiff states that the pain continued in his shoulder as well as elsewhere and that on several occasions he submitted inmate complaint forms requesting an MRI for his shoulder. The plaintiff states that Dr. Haight, Nurse Peters, RN Blair, Jane Lutsey, and three unidentified defendants (a doctor and two registered nurses) were all aware of his requests and injuries. The plaintiff is seeking monetary damages and injunctive relief ordering that he receive an MRI for his shoulder.

## THE COURT'S ANALYSIS

The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). If prison officials are "deliberately indifferent to prisoners' serious medical needs," *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011), or they "act with 'deliberate indifference' to a substantial risk of serious harm to an inmate['s]" health or safety, *Farmer*, 511 U.S. at 828 (citation omitted), then they violate the Constitution.

The plaintiff's appears to claim that the defendants were deliberately indifferent to his serious medical needs, as an accidental slip-and-fall by a prisoner does not give rise to a civil rights action. *See Pyles v. Fahim*, 771 F.3d 403, 410–11 (7th Cir. 2014) (holding that slip-and-fall accidents almost never give rise to constitutional claims). An inmate's claim for deliberate

3

indifference must satisfy the following two elements, the first objective and the second subjective: "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that claim." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). "Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). "The deliberate indifference standard reflects a mental state somewhere between the culpability poles of negligence and purpose, and is thus properly equated with reckless disregard." *Id.* at 777.

The plaintiff's complaint fails to establish a deliberate indifference claim against the defendants because under the Eighth Amendment, a prisoner is "entitled to reasonable measures to meet a substantial risk of serious harm," not "to demand specific care." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive 'unqualified access to health care.'" (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992))). Simply put, the plaintiff's complaint fails to show how the defendants failed to provide reasonable care in response to the injuries he sustained as a result of his slip-and-fall. Once the defendants were aware of the plaintiff's injury, they treated it by prescribing physical therapy. While the plaintiff states that he is still in pain, has a torn rotator cuff and scar tissue in his shoulder that may require surgery to remedy, his complaint does not establish that the defendants completely disregarded his injury or failed to provide treatment. Instead the plaintiff appears to assert that the defendants' failure to order an MRI for his shoulder evinces their deliberate indifference. "But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual

4

punishment. At most it is medical malpractice, and as such the proper forum is the state court . . . ." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). "A medical professional's treatment decisions will be accorded deference 'unless no minimally competent professional would have so responded under those circumstances.'" *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (quotation marks and citations omitted)). Here there is no evidence that the defendants' treatment decisions were not within the realm of reasonable responses. Consequently, the plaintiff's complaint fails to state a claim against the defendants and will be dismissed.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $347.02 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to

the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this  21st  day of February, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.